IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LACEY,

      Plaintiff,                        No. CIV S-07-2254 WBS EFB P

      vs.

J. TORRUELLA, et al.,

      Defendants.              <u>ORDER</u>

      Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations. *See* 42 U.S.C. § 1983. Currently under consideration is plaintiff's request for leave to proceed *in forma pauperis*. The court finds that plaintiff has failed to comply with this court's order and the statute that sets out the requirements for proceeding *in forma pauperis*.

      Plaintiff submitted a complaint and a request for leave to proceed *in forma pauperis* on October 22, 2007. The court reviewed the application for leave to proceed *in forma pauperis* and found that it lacked the statutorily required certification. On April 9, 2008, the court set out the requirements of the statute and directed plaintiff to comply with it. Plaintiff has submitted a new application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

      The court has reviewed plaintiff's April 24, 2008, application and finds that it does not comply with the statute. The court explains one last time that section 1915(a)(2) requires "a

1

1  prisoner seeking to bring a civil action without prepayment of fees or security therefor, in
2  addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust
3  fund account statement (or institutional equivalent) for the prisoner for the 6-month period
4  immediately preceding the filing of the complaint . . . , obtained from the appropriate official of
5  each prison at which the prisoner is or was confined." Plaintiff has filed a certified trust account
6  statement for the six month period of October 1, 2007, until April 15, 2008.  As noted, plaintiff
7  filed his complaint on October 22, 2007.  Thus, the time covered by the trust account statement
8  predates the filing of the complaint by only 21 days.  This does not comply with the statute.

9  Accordingly, plaintiff has 30 days from the date this order is served to submit a trust
10 account statement, or institutional equivalent, that complies with the statute.  Failure to comply
11 with this order will result in a recommendation that this action be dismissed.

12 So ordered.

13 Dated: July 23, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE